UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ARACELI NIEBLAS MENDOZA ,**<br><br>**Defendant.** | **CASE NO. 1:02-CR-5101 AWI-6**<br><br>**ORDER ON MOTION FOR EXPUNGEMENT**<br><br>(Doc. No. 413) |

On January 21, 2003, Defendant pled guilty to three counts of violations of 18 U.S.C. § 287, making false claims against the United States and Aiding and Abetting. See Doc. No. 207. The guilty plea was pursuant to a plea agreement. See Doc. No. 189. The same day, Defendant was sentenced to 36 months of supervised release for each count (the three sentences to run concurrently), assessed a $300 penalty, and ordered to pay $2,197.96 in restitution. See id. Judgment and commitment were entered on January 24, 2003. See Doc. No. 208.

On September 14, 2022, Defendant filed a motion for expungement of record. See Doc. No. 413. In her motion, Defendant states that she has served her sentence and successfully completed all terms and paid all fines imposed. See id. For twenty years, Defendant states that she has "not had any involvement with the law." See id. Defendant explains that expungement would help open doors for better employment opportunities, particularly her chances to be accepted through the California Commission on Teach Credentialing Division of Professional Practice. See id.

Expungement is not the same as a vacation or the setting aside of a conviction. United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). Expungement involves the "judicial editing of history," whereas the vacation of a conviction nullifies the conviction and its "attendant legal disabilities." Id. In general, a request to expunge is a request for the court to seal or destroy the

records of the fact of the conviction and not the conviction itself.  Id.  Federal courts may expunge records of criminal convictions either through a grant of statutory authority or through the court's inherent authority.  See id.  With respect to inherent authority, courts do not have the power to expunge the record of a valid arrest and conviction based only on equitable considerations.  See id. at 793; United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000); see also United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991).  A district court's inherent authority to expunge is limited to situations involving unlawful arrests or convictions, correcting clerical errors, or government misconduct.  See Crowell, 374 F.3d at 793; Sumner, 226 F.3d at 1014; Smith, 940 F.2d at 396.

Here, Defendant cites no federal statute that may apply, and the Court is aware of none.  Further, while the Court commends Defendant for successfully serving her sentence and remaining crime free for 20 years, and while the Court is certainly sympathetic to Defendant's desire to obtain better employment opportunities, Defendant's history and her desire to better her employment prospects are not proper bases for the Court to expunge her record.  Crowell, 374 F.3d at 793.  In the absence of an unlawful conviction, clerical error, or government misconduct, the Court cannot grant expungement based only on the equitable considerations identified by Defendant.  See id.; Sumner, 226 F.3d at 1014; Smith, 940 F.2d at 396.   Because there is no proper basis identified to expunge the record of Defendant's conviction, the Court must deny Defendant's request.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to expunge (Doc. No. 413) is DENIED.

IT IS SO ORDERED.

Dated:   September 30, 2022                    _____
                                                SENIOR DISTRICT JUDGE